UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| IRISH 4 REPRODUCTIVE HEALTH, et al., *Plaintiffs*, v. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., *Defendants*. | Case No. 3:18-cv-491-PPS-MGG Judge Philip P. Simon |

**JOINT STATUS REPORT**

Pursuant to the Court's April 15, 2020, order (ECF No. 93), the parties in the above-captioned action submit this joint status report.

On January 16, 2020, the Court granted in part and denied in part Defendants' motions to dismiss. ECF No. 80. On April 15, 2020, the Court stayed this action in light of the U.S. Supreme Court's grant of certiorari in *Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania, et al*. and related cases. *See* ECF No. 93; 140 S. Ct. 918 (Jan. 17, 2020). On July 8, 2020, the Supreme Court issued its decision in those cases. *Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania et al.,* 2020 WL 3808424 (July 8, 2020) ("*Little Sisters*").

The parties agree that the *Little Sisters* decision affects some of Plaintiffs' claims in this action. Below, the parties explain their respective positions concerning how this action should proceed following *Little Sisters*.

**I.      Plaintiffs' Position**

Plaintiffs intend to file a notice of voluntary dismissal of certain claims following the Supreme Court's *Little Sisters* decision. Plaintiffs' review of *Little Sisters* is ongoing, and Plaintiffs can commit to filing such notice on or before July 31, 2020.

Plaintiffs respectfully request that the Court schedule a conference for August 14, 2020 (or a date set by the Court) to discuss next steps in this case, including a date for Defendants to answer the complaint, and a schedule for discovery and summary judgment motions on Plaintiffs' remaining claims. Plaintiffs further propose that Defendants should notify the Court at the August 14, 2020 conference if they believe that there are additional claims that should be dismissed at this juncture in light of *Little Sisters*. We would ask that the Court then determine whether those issues should be addressed in pre-discovery supplemental briefing or through summary judgment.

To the extent that Defendants seek briefing aimed at reconsideration of this Court's decision on Defendants' Motion to Dismiss (ECF No. 80), any such request should be denied to the extent that it goes beyond issues that are affected by the Supreme Court's decision in *Little Sisters*. But more than that, this case involves myriad claims and issues that are not affected, much less resolved, by *Little Sisters*, and Plaintiffs continue to suffer ongoing harm while this case continues. Additional briefing to reopen and revisit the Court's ruling on the motions to dismiss would only further delay this case, which is already over two years old and in which Defendants have not yet even filed Answers. Defendants' proposed approach would create needless expenditure of resources and delay by introducing yet another round of briefing in this case, only to address issues that can and should be resolved at summary judgment as contemplated by the applicable rules of procedure.

## II. Federal Defendants' Position

Defendants do not object to Plaintiffs filing a notice of voluntary dismissal of certain claims on or before July 31, 2020. However, Defendants believe that a scheduling conference, including setting a deadline for Defendants to answer Plaintiffs' complaint or for any discovery (which Defendants do not believe is appropriate in any event), would be premature and inefficient prior to the resolution of any dispute between Defendants and Plaintiffs concerning which, if any, of Plaintiffs' claims survive the Supreme Court's decision in *Little Sisters*. Accordingly, instead of setting a scheduling conference, Defendants propose that, by August 21, 2020, they will either file a supplemental brief explaining what other claims should be dismissed in light of *Little Sisters* in addition to the claims identified by Plaintiffs or inform the Court that such briefing is not necessary. Defendants believe that the appropriate time for a scheduling conference would be after the resolution of any such supplemental briefing.

## III. Notre Dame's Position

Notre Dame agrees with the Federal Defendants' position and joins it in full. Plaintiffs' voluntary dismissal of certain claims will not address the full impact of *Little Sisters* on these proceedings. Accordingly, supplemental briefing, whether in the form of motions for reconsideration or otherwise, is appropriate. *See, e.g.*, *Orange v. Burge*, 451 F. Supp. 2d 957, 961 (N.D. Ill. 2006) ("The Seventh Circuit has said that a motion to reconsider is appropriate where . . . there has been a controlling or significant change in law since the submission of the issue to the court"); *Wooten v. Loshbough*, 738 F. Supp. 314, 314–15 (N.D. Ind. 1990), *aff'd*, 951 F.2d 768 (7th Cir. 1991) (granting motion to reconsider where "the intervening months have seen the development of case law that leads the court to conclude its earlier opinion no longer reflects existing law").

This approach would best serve judicial economy and efficiency. It would allow the Court to decide, with the benefit of briefing, which claims and issues remain in the case before requiring Defendants to answer and proceed to discovery, thus conserving both the parties' and the Court's resources. Plaintiffs cannot claim to be irreparably harmed by any modest delay resulting from these efforts, as they have at no point sought a preliminary injunction.

Regardless of the approach adopted by the Court, considerations of judicial economy likewise suggest that, with the exception of the filings discussed above, the stay should remain in place through any proposed status conference. Defendants should not be required to answer, or to proceed with discovery, until it becomes clear which claims and issues remain after *Little Sisters*.

Dated: July 22, 2020                                             Respectfully submitted,

                                                                 s/ *Anne S. Aufhauser*
                                                                 Janice Mac Avoy (admitted *pro hac vice*)
                                                                 Anne S. Aufhauser (admitted *pro hac vice*)
                                                                 R. David Gallo (admitted *pro hac vice*)
                                                                 FRIED, FRANK, HARRIS, SHRIVER
                                                                   & JACOBSON LLP
                                                                 One New York Plaza
                                                                 New York, NY 10004
                                                                 Telephone: (212) 859-8000
                                                                 janice.macavoy@friedfrank.com
                                                                 anne.aufhauser@friedfrank.com
                                                                 david.gallo@friedfrank.com

                                                                 Jeffrey A. Macey
                                                                 *Macey Swanson LLP*
                                                                 445 N. Pennsylvania Street, Suite 401
                                                                 Indianapolis, IN 46204
                                                                 Telephone: (317) 637-2345
                                                                 jmacey@MaceyLaw.com

                                                                 *Counsel for all Plaintiffs*

Richard B. Katskee (admitted *pro hac vice*)
*Americans United for Separation of
  Church and State*
1310 L Street, NW, Suite 200
Washington, DC 20005
Telephone: (202) 466-3234
katskee@au.org

Fatima Goss Graves*
Gretchen Borchelt (admitted *pro hac vice*)
Sunu Chandy (admitted *pro hac vice*)
Michelle Banker (admitted *pro hac vice*)
Lauren Gorodetsky*
*National Women's Law Center*
11 Dupont Circle, NW, Suite 800
Washington, DC 20036
Telephone: (202) 588-5180
fgossgraves@nwlc.org
gborchelt@nwlc.org
schandy@nwlc.org
mbanker@nwlc.org
lgorodetsky@nwlc.org

*Counsel for Plaintiffs Irish 4 Reproductive Health and Jane Doe 1*

Emily Nestler (admitted *pro hac vice*)
Jessica Sklarsky (admitted *pro hac vice*)
*Center for Reproductive Rights*
199 Water Street, 22nd Floor
New York, NY 10038
Telephone: (917) 637-3600
enestler@reprorights.org
jsklarsky@reprorights.org

*Counsel for Plaintiffs Natasha Reifenberg, Jane Doe 2, and Jane Doe 3*

* Motion for *pro hac vice* admission forthcoming.

   *s/ Rebecca M. Kopplin*
REBECCA M. KOPPLIN
Trial Attorney (California Bar No. 313970)
JUSTIN M. SANDBERG
Senior Trial Counsel
MICHAEL GERARDI
CHRISTOPHER R. HEALY
DANIEL RIESS
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
Email: Rebecca.M.Kopplin@usdoj.gov

*Counsel for Federal Defendants*


   *s/ Matthew A. Kairis*
Matthew A Kairis
JONES DAY
325 John H McConnell Blvd Suite 600
P.O. Box 165017
Columbus, OH 43216-5017
614-281-3605
Fax: 614-461-4198
Email: makairis@jonesday.com

Anthony J. Dick (admitted *pro hac vice*)
JONES DAY
51 Louisiana Ave NW
Washington, DC 20001-2113
202-879-7679
Fax: 202-626-1700
Email: ajdick@jonesday.com


*Counsel for Defendant University of Notre Dame*